## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SELECT COMFORT CORPORATION,

Plaintiff,

vs.

ANDREI NISTOR D/B/A DEELZ4LESS,

Defendant.

Court File No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Select Comfort Corporation ("Select Comfort"), files this Complaint against Defendant, Andrei Nistor d/b/a Deelz4Less ("Defendant"), and, in support, avers as follows:

### NATURE OF THIS ACTION

1.      This is an action for damages and injunctive relief arising out of Defendant's infringing, unauthorized, false, and misleading use of several of Select Comfort's trademarks, and false and deceptive statements made to consumers through Defendant's Amazon page, eBay page, business website, and other shopping websites.

### PARTIES

2.      Select Comfort is a Minnesota corporation with its principal place of business in Plymouth, Hennepin County, Minnesota.

3.     Nistor is an adult individual who operates and owns Deelz4less and, on information and belief, resides at 123 Scully Place, Lewisberry, York County, Pennsylvania 17339.  Nistor has previously done business as Andy's Pick & Pack and YourNumberBedParts.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1338 and may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue lies in this District under 28 U.S.C. § 1391(b) and (c).

5.     This Court has personal jurisdiction over Defendant.  On information and belief, Defendant is a Pennsylvania resident.  Moreover, Defendant has run a website out of Pennsylvania that purports to sell Select Comfort products.

## FACTS

6.     As the only vertically integrated company in the mattress industry, Select Comfort designs, manufactures, and markets unique air bed products, many features of which are either proprietary or protected by the patent laws of the United States.  Select Comfort's Sleep Number® bed uses uniquely designed air chambers to provide a gentle cushion of support which can be easily adjusted to an individual's preference, comfort, and firmness.

7.      Select Comfort is the owner of all rights in the trademark Sleep Number®, including United States Trademark Registration Nos. 2,753,633; 2,618,999; and 2,641,045, which registrations are incontestable.  True and correct copies of these registrations are attached as Exhibit A.

8.      Select Comfort is the owner of all rights in the trademark Select Comfort®, including United States Trademark Registration Nos. 1,581,562; 1,976,214; and 2,803,623, which registrations are incontestable.  True and correct copies of these registrations are attached as Exhibit B.

9.      The trademarks described above are collectively referred to as "Select Comfort's Trademarks" or "the Trademarks-At-Issue."

10.      Sleep Number® beds and accessories are available nationwide at Select Comfort retail stores in major shopping malls and other locations, through the company's national direct marketing operations, through the shopping network QVC, through partnerships with recreational vehicle distributors, as well as through Select Comfort's website at sleepnumber.com.

11.      Select Comfort markets its Sleep Number® beds and related goods through extensive advertising in, *inter alia*, newspapers, national circulation magazines, direct mailings, internet advertisements, radio advertisements, and television commercials and infomercials.

12.     As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Select Comfort has acquired a reputation for quality, integrity, and innovation, and it is well-known as the leading seller of premium air-supported sleep products.

13.     As a result of widespread use in connection with the advertising and promotion of its Sleep Number® beds and related products, Select Comfort has developed substantial good will and national recognition in the Trademarks-At-Issue as a source of high-quality, premium mattresses and bedding products.

14.     Indeed, the Sleep Number® and Select Comfort® marks are among the most widely recognized trademarks in the bedding industry.

## DEFENDANT'S ACTIVITIES

15.     Defendant operates a domain name and website at deelz4less.com through which Defendant purports to sell Select Comfort's Sleep Number® mattresses, components thereto, and related products to purchasers throughout the country.

16.     Defendant also advertises and sells purported Select Comfort's Sleep Number® mattresses, components thereto, and related products to purchasers throughout the country through internet shopping sites such as ebay.com, amazon.com, bonanza.com, and oodle.com.

17.     Many of the purported Sleep Number® and Select Comfort® products that Defendant advertises and sells are secondhand, pre-owned, fixed, or refurbished.  In addition, many other of the purported Sleep Number® and Select Comfort® products that Defendant advertises and sells were, upon information and belief, obtained illegitimately or through fraudulent acts.  Furthermore, many of the products that Defendant advertises as Sleep Number® or Select Comfort® products are knock-off products not manufactured by or for Select Comfort.

18.     Defendant has no rights, and has never had any rights, in any of Select Comfort's Trademarks.  Nor does Defendant have the authorization to use Select Comfort's Trademarks.

19.     Defendant is not, and never has been, an authorized Select Comfort retailer.

20.     In connection with the sale and promotion of purported Sleep Number® and Select Comfort® products, Defendant engages in unauthorized use of and infringes upon Select Comfort's Trademarks.

21.     Defendant began his uses of the Select Comfort's Trademarks as described herein long after Select Comfort began using said marks.  Indeed, Defendant specifically leverages and uses Select Comfort's Trademarks because those marks are well-known due to Select Comfort's extensive efforts.

22.    Moreover, Defendant makes false, misleading, and deceptive representations with respect to his selling of purported Sleep Number® and Select Comfort® products.

23.    Through using Select Comfort's Trademarks and engaging in such deceptive advertising in the course of selling purported Sleep Number® and Select Comfort® products, Defendant confuses and misleads consumers into believing that Defendant is an authorized Select Comfort retailer.

24.    Defendant further confuses consumers into believing that the products Defendant sells are covered by a Select Comfort warranty, when in fact they are not. Defendant also confuses consumers into believing the products will come with the other benefits of purchasing a genuine Sleep Number® product, such as award-winning customer service and becoming a Select Comfort "Insider," which comes with additional product discounts and financing options not available to others.

25.    For example, when Defendant sells secondhand, pre-owned, fixed, refurbished, or illegitimately obtained purported Sleep Number® and Select Comfort® products on Amazon, the pages for the individual products, among other things:

- state and imply that the products are genuine Select Comfort or Sleep Number products;

- list "Sleep Number" or "Select Comfort" across the top of the product;

- state, in several instances, that the products come with a one-year or some other undefined warranty, while falsely implying, given the

context, that the warranty is a Sleep Number® or Select Comfort®
warranty; and

- in some instances, contain a hyperlink "Back to Sleep Number store,"
  that instead lead back to a list of the other Sleep Number products
  Defendant sells.

26.    An example of one of Defendant's Amazon advertisements is
depicted in the screenshot below:



27.    Moreover, whether accessed through a search or through Defendant's
Amazon "Storefront" page, Defendant's products are listed as being "by" "Sleep
Number" or "Select Comfort," as shown in the screenshot below:



28.    And on the Storefront page, Defendant lists his "Brand" as including

Sleep Number and Select Comfort:



29.    Defendant's online shopping listings deceive consumers to believe that the postings are legitimate postings sponsored "by Sleep Number" and "by Select Comfort," robbing Select Comfort of its right to control the manner in which it presents and advertises its products.   This illegally usurps Select Comfort's reputation and goodwill and, instead, wrongfully puts these highly valuable assets under the control of Defendant.

30.    Defendant's online shopping listings and advertising associated with those listings are confusing, misleading, and deceptive.   Among other deficiencies, Defendant fails to adequately disclose that the products he sells are not genuine Select Comfort products, but rather are secondhand, pre-owned, fixed, refurbished, or illegitimately obtained.   For example, Defendant fails to disclose in the product titles that the products are secondhand, pre-owned, fixed, or refurbished; fails to adequately disclose that they are secondhand, pre-owned, fixed, or refurbished on

the product page itself; and in several instances holds the products out to be new, legitimate, and genuine Sleep Number® and Select Comfort® products.

31.     Defendant further fails to disclose on the product pages that he is not an authorized Select Comfort retailer.

32.     Defendant also fails to disclose that the purported warranties he offers are not through Select Comfort.  Furthermore, Defendant's listings falsely suggest that Select Comfort's manufacturer's warranty attaches to the goods.

33.     While Select Comfort offers a warranty on its products, that warranty is non-transferrable, only attaches to products sold through authorized retailers, and does not apply to products resold through a third-party website such as Amazon.  Furthermore, individuals who purchase products through Defendant do not have access to Select Comfort's award-winning customer service or the myriad of benefits that come along with being an "Insider."

34.     Defendant's postings utilize images of Sleep Number® and Select Comfort® products in an unfavorable light and in a manner that harms Select Comfort's reputation for high quality products.

35.     Amazon is not the only website on which Defendant improperly uses Select Comfort's Trademarks and advertises in a misleading fashion.

36.     For example, Defendant also advertises for sale the same secondhand, pre-owned, fixed, refurbished, or illegitimate purported Sleep Number® and Select

Comfort® products on eBay.  As with his Amazon listings, Defendant engages in the same confusing, misleading, and deceptive advertising in his eBay listings, as shown in the screenshot below:



37.     Similar to his Amazon listings, in his eBay listings, Defendant fails to disclose that the warranty offered is not through Select Comfort; fails to adequately disclose that he is not a licensed retailer for Select Comfort; and fails to adequately disclose that the products he is selling are not genuine Sleep Number® or Select Comfort® products, but are in fact secondhand, pre-owned, fixed, refurbished, and/or illegitimately obtained.

38.     Further, Defendant also advertises products as genuine Sleep Number® and Select Comfort® products on eBay, Amazon, and other online

marketplaces when in fact they are not Sleep Number® products, but rather are component parts not manufactured by Select Comfort that are merely potentially compatible with Sleep Number® and Select Comfort® products, and which are inferior in quality to genuine Select Comfort products.  An example is provided below, which is one of Defendant's listings for a product is not a genuinely manufactured Select Comfort product, but that Defendant advertises as being a Select Comfort Sleep Number® product:



39.     Defendant uses Select Comfort's Trademarks in a similar confusing, misleading, and deceptive fashion as discussed herein on his website, deelz4less.com, and on other third-party websites, such as bonanza.com, oodle.com, and, on information and belief, others as well.

40.     The consumer reviews and comments on these various websites demonstrate that consumers are confused and are likely to be confused as to whether Defendant is affiliated with Select Comfort and whether the products in

question are new, genuine products as compared to products that are secondhand, pre-owned, fixed, refurbished, or illegitimately obtained.

41.     This is not the first time Defendant has engaged in misleading, infringing, and improper advertising using Select Comfort's Trademarks.  Select Comfort has, on two prior occasions, provided notice to Defendant that his use of Select Comfort's Trademarks was improper and demanded that Defendant cease the unauthorized uses of the Trademarks.

42.     In October 2014, Select Comfort sent Defendant a cease-and-desist letter stating that Defendant's use of Select Comfort's Trademarks while selling Select Comfort products online constituted false and misleading advertising practices and trademark infringement and deceived consumers into believing that Defendant was a licensed Select Comfort retailer, and demanded that Defendant immediately cease his improper behavior.  That same month, Defendant responded by indicating he would, among other things, discontinue using the Select Comfort Trademarks and would state on his listings that he was not an authorized Select Comfort retailer.

43.     Despite his representations to the contrary, Defendant continued to use Select Comfort's trademarks in a confusing and misleading fashion.   In January 2015, Select Comfort sent a follow up cease-and-desist letter reiterating that Defendant's activity was improper, was misleading consumers into believing

he was a Select Comfort retailer, and demanded that he immediately cease and desist.  Again, Defendant wrote back indicating that he would, among other things, provide adequate disclosure on every listing that he is not an authorized dealer or retailer for Select Comfort.  Defendant also informed Select Comfort that he acquired products by purchasing them secondhand from other sellers, including individuals and a liquidation furniture store, and that these products include broken Select Comfort items that Defendant then fixes and resells.

44.  Defendant's repeated use of Select Comfort's Trademarks on shopping sites, as referenced above, benefits Defendant by enabling him to purport to represent himself as an official retailer for Select Comfort.  That use further deceives consumers into believing that Defendant's products will still be under Select Comfort's warranty; that the purchaser will be able to receive the various benefits associated with purchasing a genuine product from Select Comfort, such as award-winning customer service and "Insider" status; that his products are materially the same as new Sleep Number® products; or that the products are Sleep Number® products when in many instances they are not.  This allows Defendant to benefit from Select Comfort's brand for excellent customer service and product support.

45.  Defendant's unauthorized and confusing use of Select Comfort's Trademarks and advertising of Sleep Number® products as new products enables

Defendant to trade on and receive the benefit of the good will in Select Comfort's Trademarks that Select Comfort has built up at great labor and expense over many years.

46.     Defendant uses Select Comfort's Trademarks, as well as misleading and deceptive representations in shopping sites, as referenced above, to mislead, confuse, and deceive consumers into believing: that there is some affiliation or relationship between Defendant and Select Comfort, when there is not; that Defendant is a licensed retailer for Select Comfort, which he is not; that his products are identical to or genuine Select Comfort's products when, in fact, they are materially different; and that his products are new, when in fact they are secondhand, pre-owned, fixed, or refurbished.

47.     Furthermore, Defendant continues his attempt to confuse and mislead consumers through his postings on shopping sites and his website by extensive and repeated uses of Select Comfort's Trademarks, far beyond the minimal use necessary.

48.     The unauthorized and confusing use of Select Comfort's Trademarks by Defendant in the manner described above is likely to cause confusion and/or deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendant with Select Comfort.

49.     Defendant expects that consumers will rely on Defendant's false, deceptive, or misleading representations in purchasing products from Defendant.

50.     Consumers do rely, and have relied, on Defendant's false, deceptive, or misleading representations in purchasing products from Defendant and have therefore been misled and harmed by Defendant's tactics.

51.     Defendant's unauthorized use of Select Comfort's Trademarks and misleading and deceptive representations described above falsely designates the origin of the goods of Defendant and falsely and misleadingly describes and represents facts with respect to Defendant and the goods of Defendant.

52.     The Sleep Number® trademark is a famous mark as that term is defined in 15 U.S.C. § 1125(c)(1).

53.     The unauthorized use of the Sleep Number® trademark by Defendant in the manner described above is likely to dilute the distinctive quality of the Sleep Number® trademark.

54.     Defendant's unauthorized use of Select Comfort's Trademarks and misleading and deceptive representations described above removes from Select Comfort the ability to control the nature and quality of the products provided under those marks and places the valuable reputation and good will of Select Comfort in the hands of Defendant, and others, over whom Select Comfort has no control.

55.     Defendant's acts as described above were and continue to be committed willfully and intentionally.

56.     Defendant's acts as described above have injured Select Comfort by, *inter alia*, diverting customers from Select Comfort as well as harming Select Comfort's reputation and brand for high quality products and excellent customer service.

57.     Defendant's activities have caused irreparable injury to Select Comfort and consumers, and unless enjoined by this Court, will continue to cause irreparable injury to Select Comfort, consumers, and the public at large.  There is no adequate remedy at law for this injury.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT

58.     Select Comfort repeats the allegations above as if fully set forth herein.

59.     The acts of Defendant complained of herein constitute infringement of Select Comfort's federally registered marks in violation of 15 U.S.C. § 1114(1).

60.     Defendant is not authorized to sell Sleep Number® or Select Comfort® products, and has no rights in Select Comfort's Trademarks. Defendant's misleading and confusing use of Select Comfort's Trademarks in the

manner described above is likely to cause confusion or mistake and/or to deceive customers.

61.   Defendant's conduct has been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

62.   Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause confusion and serious irreparable injury to Select Comfort and its trademarks.

## COUNT TWO

## FEDERAL UNFAIR COMPETITION

63.   Select Comfort repeats the allegations above as if fully set forth herein.

64.   The acts of Defendant complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

65.   Defendant's misleading and confusing use of Select Comfort's Trademarks in the manner described above constitutes a false description of fact, false designation of origin, and false or misleading misrepresentation of fact. Defendant's misleading and confusing use of Select Comfort's Trademarks in the manner described above also misrepresents the nature and characteristics of Select Comfort's goods, services, and commercial activities.

66.   Defendant's conduct has been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

67.   Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause confusion and serious irreparable injury to Select Comfort and its trademarks.

**COUNT THREE**

**FEDERAL DILUTION OF TRADEMARK**

68.   Select Comfort repeats the allegations above as if fully set forth herein.

69.   The acts of Defendant complained of herein constitute trademark dilution of the Sleep Number® trademark in violation of 15 U.S.C. § 1125(c).

70.   The Sleep Number® trademark is distinctive and is a famous mark as that term is defined in 15 U.S.C. § 1125(c)(1).

71.   The misleading, confusing, and unauthorized use of the Sleep Number® trademark by Defendant in the manner described above is likely to dilute the distinctive quality of the Sleep Number® mark.

72.   Defendant's conduct has been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

73.     Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause dilution and serious irreparable injury to Select Comfort and its trademarks.

## COUNT FOUR

### FALSE ADVERTISING – 15 U.S.C. § 1125(a)

74.     Select Comfort repeats the allegations above as if fully set forth herein.

75.     The misleading and deceptive representations, as well as the unauthorized use of Select Comfort's Trademarks, described above constitute the making of false representations, claims, and statements in connection with goods distributed in commercial advertising in violation of 15 U.S.C. § 1125(a).

76.     Defendant's conduct has been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

77.     Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause confusion and serious irreparable injury to Select Comfort and its trademarks.

## COUNT FIVE

## COMMON LAW UNFAIR COMPETITION

78.     Select Comfort repeats the allegations above as if fully set forth herein.

79.     The acts of Defendant complained of herein include intentional misrepresentations constituting false and deceptive marketing and advertising and trademark infringement.

80.     Defendant's actions have directly caused harm to Select Comfort by diverting consumers from Select Comfort and harming Select Comfort's brand and reputation.

81.     Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause confusion and serious irreparable injury to Select Comfort and its trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Select Comfort prays for judgment as follows:

1.     A permanent injunction enjoining and restraining Defendant and his agents, employees, officers, servants, representatives, successors and assigns, and others in active concert or in participation with Defendant from infringing any of the Select Comfort's Trademarks and from using any of the false, misleading, and/or deceptive advertising statements described above;

2.      Requiring Defendant to file with the Court and serve on Select Comfort within thirty (30) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      Requiring a payment of damages or an accounting of profits made by Defendant as a result of the acts complained of herein;

4.      Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

5.      Awarding prejudgment interest; and

6.      Awarding Select Comfort its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Select Comfort requests a trial by jury on all claims and issues triable by jury.

Dated:  August 11, 2017          **FOX ROTHSCHILD LLP**


By:    s/  J. Benjamin Nevius
J. Benjamin Nevius (PA 93094)
747 Constitution Drive, Suite 100
Exton, PA 19341
Telephone: (610) 458-7500
Fax Telephone: (610) 458-7337
jnevius@foxrothschild.com


Andrew S. Hansen (*pro hac vice* to be filed)
Elizabeth A. Patton (*pro hac vice* to be filed)
Peter D. Stiteler (*pro hac vice* to be filed)

Campbell Mithun Tower, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 607-7000
Fax Telephone:  (612) 607-7100
ahansen@foxrothschild.com
epatton@foxrothschild.com
pstiteler@foxrothschild.com


**ATTORNEYS FOR PLAINTIFF
SELECT COMFORT CORPORATION**